THE WALLIN LAW FIRM, PLLC
D. Stephen Wallin, Attorney at Law
1641 East Osborn Road, Suite 8
Phoenix, AZ  85016
Phone:  602-254-2300
Fax:  602-254-2515
steve@stevewallin.com
State Bar No. 014289
Attorney for Defendant FRANK CAPRI

THE WALLIN LAW FIRM, PLLC
1641 East Osborn Road, Suite 8
Phoenix, AZ  85016
Phone:  602-254-2300;  Fax: 602-254-2515
steve@stevewallin.com
*www.thewallinlawfirm.com*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>Frank Capri, et al.,<br><br>Defendants. | No. 2:20-CR-00096-JJT-001<br><br>**DEFENDANT CAPRI'S REPLY SUPPORTING HIS MOTION FOR *DE NOVO* REVIEW OF DETENTION**<br><br>*Hon. John J. Tuchi* |
| --- | --- |

COMES NOW the Defendant, FRANK CAPRI, by and through Counsel undersigned, and submits his reply supporting his motion for *de novo* review of detention (lodged at Doc. 83).

The Government alleges that Mr. Capri's motion was untimely per Rule 59(a).  The Government cites *United States v. Tooze*, 236 F.R.D. 442, 444-45 (D. Ariz. 2006).  However, the reasoning of *Tooze* is flawed, for two reasons.

First, Rule 59(a) on its face does not apply to a *de novo* review.  Instead, it states "The district judge must consider timely objections and modify or set aside any part of the order **that is contrary to law or clearly erroneous.**"  Emphasis added.  But that is not the standard of review under 18 U.S.C. 3145(b).  Instead, the standard of review is *de novo*, with "no deference" to the magistrate judge's findings.  *United States v. Koenig*, 912 F.2d 1190, 1192-93 (9th Cir. 1990).  And as the *Koenig* Court noted, at that time--15 years before Rule 59(a) was adopted--this was already the rule in each of the other five circuits which had addressed the issue.  If Rule 59(a) had been intended to

THE WALLIN LAW FIRM, PLLC
1641 East Osborn Road, Suite 8
Phoenix, AZ 85016
Phone: 602-254-2300; Fax: 602-254-2515
steve@stevewallin.com
*www.thewallinlawfirm.com*

apply to reviews under 18 U.S.C. 3145(b), the drafters would not have limited the scope of review as they did.[1]

Neither *Tooze* nor the Government address this obvious flaw in their reasoning. This is doubly noteworthy because, as *Tooze* notes, Rule 59 was drafted in response to a Ninth Circuit case, *United States v. Abonce–Barrera*, 257 F.3d 959 (2001). *See* Fed.R.Crim.P. 59, Advisory Committee Notes (2005). But *Abonce-Barrera* did not arise under Section 3145. Thus, there is no indication from the history of Rule 59 that its drafters intended it to apply to Section 3145, while it's language facially demonstrates that they did not.

Second, Rule 59(a) is predicated upon "referral" of a non-dispositive "matter" to a magistrate judge by "a district judge." *Tooze* noted that Local Rule of Criminal Procedure 57.6(d)(3) provides that magistrate judges shall conduct all detention hearings. *Tooze* concluded that this constitutes such a "referral," even though that word is not used in 57.6(d)(3), and even though "a rule" and "a district judge" are different things. *Tooze*'s logic, however, ignores Local Rule 5.1(a), which provides that entire cases--not "matters"–are "referred" to magistrate judges. And the "referral" is made by the Clerk, not by "a district judge." In this District, no action by any actual district judge is needed to empower a magistrate to make a release determination.

This highlights the larger problem with *Tooze*'s conclusion: it leads to the anomalous result that the applicability of Rule 59(a) to Section 3145 varies from district to district as a collateral consequence of how the local rules are worded. This can hardly be the intent of the Rule's drafters. *See* Rules 1(a)(1)

---

[1] Neither *Tooze* nor any other case has ever held that the limited scope of review under Rule 59(a) supercedes prior case law on the subject pursuant to 28 U.S.C. § 2072(b). Nor is there any indication in the Advisory Committee notes that this was intended. Doubtless that is because changing the scope of review in such a manner would "abridge...[a] substantive right" under Section 2072(b).

THE WALLIN LAW FIRM, PLLC
1641 East Osborn Road, Suite 8
Phoenix, AZ 85016
Phone: 602-254-2300; Fax: 602-254-2515
steve@stevewallin.com
*www.thewallinlawfirm.com*

("These rules govern the procedure in **all** criminal proceedings in the United States district courts...") and 2 ("These rules are to be interpreted to provide for the just determination of **every** criminal proceeding....") (emphasis added); *United States v. Weinstein*, 452 F.2d 704, 715 (2d Cir. 1971) (Rules were designed to provide "a uniform set of procedures to govern criminal cases within the federal courts"); *United States v. Wallace & Tiernan, Inc.*, 349 F.2d 222, 226 (D.C. Cir. 1965) (a central purpose of the Rules is uniform practices in all the district courts).

The reasoning of *Tooze* is also inconsistent with 28 U.S.C. § 636, governing the powers and duties of magistrate judges. This is why *Tooze* (which did not address Section 636) was rejected by *United States v. Doby*, 928 F.3d 1199 (10th Cir. 2019), the only appellate decision on this issue. The *Doby* Court noted that Section 636(a) lists several "powers" and "duties" that magistrate judges "shall have" within their districts, without the necessity of a referral from a district judge; these include the power to issue release and detention orders. Which, of course, is why a magistrate judge can issue such orders (and exercise the other powers listed in Section 636(a)) upon a referral of the entire case from the Clerk in the absence of referral of the detention "matter" from a district judge.

On the other hand, magistrate judges have no powers beyond those listed in Section 636(a) absent a referral ("designation") by "a judge" – not by "a rule" – pursuant to Section 636(b) (or, in civil cases, consent of the parties pursuant to Section 636©). As *Doby* recognized, the Advisory Committee Note specifically references Section 636(b)(1)(A) rather than (a) as its basis, which "reinforces the idea that Rule 59(a)'s framework is premised wholly on referral and, indeed, is intended to incorporate or mirror the 'designat[ion]' framework laid out in § 636(b)." *Doby*, 928 F.3d at 1205. As the *Doby* Court further pointed out, the Note also states that Rule 59 is derived in part from

Fed.R.Civ.P. 72. Which in turn is explicitly based upon "court-ordered referrals of nondispositive matters under 28 U.S.C. § 636(b)(1)(A)." *Doby*, 928 F.3d at 1206.

**CONCLUSION**

No one is perfect. With all due respect to Judge Campbell, his opinion in *Tooze* is simply wrong. *Tooze* ignored the fact that Rule 59(a) is inapplicable on its face. It ignored the structure of Section 636, and the interplay between Section 636 and Rule 59(a). And because *Tooze* was based upon (an incomplete reading of) this District's local rules, it undermined the uniformity that the Federal Rules of Criminal Procedure are intended to achieve. It is no wonder, then, that the only appellate court to consider *Tooze* rejected it. This Court should do likewise, conclude that Rule 59(a) is inapplicable, and find that there is no time limit for motions seeking *de novo* review of detention under 18 U.S.C. 3145(b).

RESPECTFULLY SUBMITTED May 1, 2020.

THE WALLIN LAW FIRM, PLLC
s/ *D. Stephen Wallin*
D. Stephen Wallin, Attorney at Law
Attorney for Defendant FRANK CAPRI

*Certificate of Service*

I hereby certify that on the above date, I electronically transmitted the foregoing **DEFENDANT CAPRI'S REPLY SUPPORTING HIS MOTION FOR *DE NOVO* REVIEW OF DETENTION**, along with any exhibits, to the Clerk of Court, District of Arizona, using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the appropriate CM/ECF registrants.

I hereby certify that on the above date, I electronically transmitted the foregoing **DEFENDANT CAPRI'S REPLY SUPPORTING HIS MOTION FOR *DE NOVO* REVIEW OF DETENTION**, along with any exhibits, via email to:

**Hon. John J. Tuchi**
**United States District Judge**

THE WALLIN LAW FIRM, PLLC
s/ *D. Stephen Wallin*
D. Stephen Wallin, Attorney at Law
Attorney for Defendant FRANK CAPRI

THE WALLIN LAW FIRM, PLLC
1641 East Osborn Road, Suite 8
Phoenix, AZ 85016
Phone: 602-254-2300; Fax: 602-254-2515
steve@stevewallin.com
www.thewallinlawfirm.com